UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR III | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:16–CV–00266 |
| | § | |
| INTERTEK USA, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court is the May 30, 2018 Memorandum and Recommendation of United States Magistrate Judge Andrew M. Edison. On April 18, 2018, this case was referred to Judge Edison. (Dkt. 54). On May 30, 2018, Judge Edison filed a Memorandum and Recommendation recommending that Intertek Defendants' Motion for Summary Judgment (Dkt. 43) be granted and Intertek Defendants Motion to Strike (Dkt. 46) be denied as moot.

On June 10, 2018, Plaintiff Neil Gilmour, III, filed his Objections (Dkt. 61). In accordance with 28 U.S.C. § 636(b)(1), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully reviewed the Objections; the Memorandum and Recommendation; the pleadings; and the briefing and arguments of the parties. The Court notes that in his Objections, Gilmour advances a new argument—one he failed to assert in response to Intertek Defendants' Motion for Summary Judgment—in support of his negligent misrepresentation claim. Specifically, Gilmour asserts for the first time that his negligent misrepresentation claim began to accrue on the date he first realized an injury because of the alleged misrepresentation, as opposed to the ordinary rule that such claims accrue when the misrepresentation is made. Based on this new argument, Gilmour contends that the Court improperly calculated the statute of limitations applicable to the negligent misrepresentation claim. "Because [Gilmour is] not entitled to raise arguments for the first time in [his] objections to the Magistrate Judge's Report and Recommendation that were not asserted in [his] Motion, these new arguments are not properly before the Court for consideration." *McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.). *See also Freeman v. County of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998) (recognizing that, absent compelling reasons, the requirement of the District Court conduct de novo review does not permit the parties to raise "new evidence, argument, and issues that were not presented to the Magistrate Judge"); *Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (arguments that could have been raised before the Magistrate Judge, but were raised for the first time in objections before the District Court, were waived); *Paterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (while a party is entitled to de novo review before the District Court upon filing objections to the

Report and Recommendation of the Magistrate Judge, this does not entitle him to raise issues which were not previously presented to the Magistrate Judge).

The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation is **APPROVED AND ADOPTED** in its entirety as the holding of the Court;

(2) Intertek Defendants' Motion for Summary Judgment (Dkt. 43) is **GRANTED**;

(3) Intertek Defendants' Motion to Strike (Dkt. 46) is **DENIED as moot**; and

(4) This case is **DISMISSED.**

It is so **ORDERED**.

SIGNED at Galveston, Texas, this 20th day of June, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge